# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FELIPE MARTINEZ-HERNANDEZ,<br><br>    Defendant. | No. CR14-4079-MWB<br><br>**REPORT AND RECOMMENDATION** |

This case is before me on defendant Felipe Martinez-Hernandez's motion (Doc. No. 10) to dismiss. Plaintiff (the Government) has filed a resistance (Doc. No. 14). Pursuant to Section IV(A) of the trial-setting order (Doc. No. 8), the motion has been assigned me for the preparation of a report and recommended disposition. Neither party has requested a hearing to present evidence and/or arguments. Having reviewed the written materials, I find that no such hearing is necessary. The motion is fully submitted and ready for decision.

## *RELEVANT BACKGROUND AND PROCEDRUAL FACTS*

The following facts appear to be undisputed for purposes of defendant's motion:

On October 23, 2014, the Grand Jury for this District returned an indictment (Doc. No. 2) against Martinez-Hernandez charging him with the offense of being an aggravated felon found after illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). An arrest warrant (Doc. No. 3) was issued the same day.

On the afternoon of Wednesday, January 21, 2015, Martinez-Hernandez was arrested in Lincoln, Nebraska, by Deputies of the United States Marshals Service (USMS). Shortly after the arrest, USMS contacted the United States District Court for

the District of Nebraska to arrange an initial appearance before a United States Magistrate Judge (USMJ). The court advised USMS that the USMJ in Lincoln was not available to conduct the initial appearance until Friday, January 23, 2015, at 2:00 p.m. According to Martinez-Hernandez, he thus "sat in some county jail for 2 days" before having his initial appearance. Doc. No. 10 at 2.

The initial appearance occurred as scheduled on January 23, 2015. At that time, counsel was appointed for Martinez-Hernandez and he waived his rights to (a) an identity hearing and production of the warrant, (b) a preliminary hearing and (c) a detention hearing. Doc. No. 4 at 6. The USMJ ordered that Martinez-Hernandez be detained, in part because he is subject to an Immigration and Customs Enforcement (ICE) detainer and faces deportation. *Id*. at 7.

Martinez-Hernandez was then transported to this District. Counsel was appointed and an initial appearance and arraignment was conducted on January 28, 2015. Martinez-Hernandez entered a plea of not guilty and did not request a detention hearing. Doc. No. 7. As such, he remains in custody while awaiting trial, which is scheduled for April 6, 2015. Doc. No. 8.

*ANALYSIS*

A.   *The Arguments*

Martinez-Hernandez's argument for dismissal is based entirely on Federal Rule of Criminal Procedure 5. He contends that he was not brought before a USMJ "without unnecessary delay," as required by Rule 5(a), because he "sat in some county jail for 2 days" before his initial appearance. Doc. No. 10 at 2, ¶ 6. Martinez-Hernandez further contends that the appropriate remedy is dismissal. Other than referring to Rule 5, he cites no case law or other authorities in support of his motion. Doc. No. 10 at 1-

2. This is unfortunate because, as I will explain below, his request for relief is contrary to controlling authority.

The Government acknowledges that Rule 5(a)'s "unnecessary delay" standard applied upon Martinez-Hernandez's arrest in Nebraska.[1] The Government argues that the "unnecessary delay" requirement is not rigid and was not violated in this case. It further argues that any violation was harmless and, in any event, that dismissal would not be the appropriate remedy.

### B. Discussion

#### 1. Was There A Violation Of Rule 5(a)?

Federal Rule of Criminal Procedure 5 states, in relevant part:

**Rule 5. Initial Appearance**

> **(a) In General.**
>
> *(1) Appearance Upon an Arrest.*
>
> (A) A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

Fed. R. Crim. P. 5(a). The Advisory Committee Notes state that "[w]hat constitutes 'unnecessary delay,' *i.e.*, reasonable time within which the prisoner should be brought before a committing magistrate, must be determined in light of all of the facts and circumstances of the case." *See* Fed. R. Crim. P. 5, Advisory Committee Notes, Notes to Subdivision (a)(1). As the Eighth Circuit Court of Appeals has explained:

---

[1] As the Government points out, Federal Rule of Criminal Procedure 9, which governs the execution of an arrest warrant issued pursuant to an indictment, incorporates Rule 5(a)(1). Doc. No. 14 at 2-3 (citing Fed. R. Crim. P. 9(c)(1)(B)).

> "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge...." Fed.R.Crim.P. 5(a)(1)(A). The Fourth Amendment requires "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (footnotes omitted). This constitutional requirement generally requires defendants to be brought before a magistrate within 48 hours of arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56–57, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).

*United States v. Chavez*, 705 F.3d 381, 383 (8th Cir. 2013).

Here, Martinez-Hernandez was charged by indictment, not by complaint. Thus, the issue of probable cause had already been resolved by the Grand Jury prior to defendant's arrest. *See, e.g., Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (the Fourth Amendment's probable cause requirement is satisfied by an indictment returned by a Grand Jury). Nonetheless, Martinez-Hernandez retained the right to be taken before a USMJ without unnecessary delay. Here, I find that a two-day delay from the time of Martinez-Hernandez's arrest until his appearance before a USMJ did not violate Rule 5(a). While a shorter period of time would have been better, Martinez-Hernandez does not argue that the delay occurred due to bad faith or in an effort to cause prejudice.

Indeed, Martinez-Hernandez does not contend that any actual, or even potential, prejudice occurred. He does not claim that he made incriminating statements during the two-day wait. Nor does he contend that he could have been freed immediately upon making his initial appearance. As noted above, at the initial appearance in Nebraska the USMJ ordered that he remain in custody because of an ICE detainer. Even after being brought to this District, Martinez-Hernandez did not request a hearing on the issue of detention.

Federal courts have recognized that it is not always possible to conduct an initial appearance immediately upon a defendant's arrest. *See, e.g., United States v. Burgard*,

4

551 F.2d 190, 194-95 (8th Cir. 1977) (citing cases upholding delays of two and three days so long as the delays were not "used for the purpose of extending the interrogation period"). The delay here did not violate Martinez-Hernandez's rights under Rule 5(a).

### 2. *Would Dismissal Be The Appropriate Remedy?*

Even if the two-day delay in bringing Martin-Hernandez before a USMJ violated Rule 5(a), the critical question would be whether that violation entitles him to the remedy of dismissal. This is where Martinez-Hernandez advances an argument that is directly contrary to binding Eighth Circuit authority. In *Chavez,* the court found a violation of Rule 5(a) because the defendant was arrested by immigration authorities on May 3, 2011, but was not brought before a USMJ until May 27, 2011. 705 F.3d at 382-83, 385. The court then stated:

> Even so, the appropriate remedy is not dismissal of the indictment. Chavez claims that there must be some remedy for the violation of these rights. Remedies may exist for violations like those here, but dismissal is not one of them.
>
> This court—among others—has held that a Rule 5(a) violation will not affect a conviction absent a showing of prejudice. *United States v. Nazarenus*, 983 F.2d 1480, 1483 (8th Cir.1993); *see also United States v. Causey*, 835 F.2d 1527, 1529 (5th Cir.1988); *United States v. Studley*, 783 F.2d 934, 937 n. 2 (9th Cir.1986). Further, the Third Circuit has explained,
>
>> the remedy for [a Rule 5(a)] violation is not dismissal of the indictment. Rather, since the provisions of Fed. R. [Crim.] P. 5(a) are procedural, not substantive, the sanction imposed by federal courts for failure to comply with Rule 5(a) is suppression of statements taken during the period of unnecessary delay.
>
> *[United States v.] Dyer*, 325 F.3d [464,] 470 n.2 [(3d Cir. 2003)] (citations omitted) (internal quotation marks omitted); *see also Studley*, 783 F.2d at 937 n. 2. In this case, there is no showing of prejudice to Chavez from the

5

> delay between arrest and appearance. Even if there were, the appropriate remedy would be suppression of the statements made during that period, not dismissal of the indictment.

*Id.* at 385-86.

Martinez-Hernandez does not cite *Chavez*. Of course, having failed to cite it, he makes no effort to explain why it does not control. If he intends to argue that *Chavez* was decided incorrectly, and to preserve his right to raise the issue on appeal, that would be understandable. Instead, however, he either failed to locate or chose to ignore binding authority.

In light of *Chavez*, and Martinez-Hernandez's failure to address its holding, I find that the motion to dismiss would be baseless even if Martinez-Hernandez could establish a violation of Rule 5(a).

## *CONCLUSION AND RECOMMENDATION*

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that the motion (Doc. No. 10) to dismiss filed by defendant Felipe Martinez-Hernandez be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 25th day of February, 2015.

                                                            _____
                                                            LEONARD T. STRAND
                                                           UNITED STATES MAGISTRATE JUDGE