**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR14-4079-MWB |
| vs. | |
| FELIPE MARTINEZ-HERNANDEZ, | **MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

_____

## I.     *INTRODUCTION AND BACKGROUND*

On October 23, 2014, an Indictment was returned against defendant Felipe Martinez-Hernandez, charging him with being a previously deported alien who was found in the United States without the express consent of the Attorney General or his successor, the Secretary for Homeland Security, following his conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  A warrant for Martinez-Hernandez's arrest was issued the same day.

Martinez-Hernandez was arrested on the afternoon of Wednesday, January 21, 2015, in Lincoln, Nebraska, by Deputy United States Marshals ("the Marshals").  Shortly after Martinez-Hernandez's arrest, the Marshals contacted the United States District Court for the District of Nebraska to arrange Martinez-Hernandez's initial appearance. The court advised the Marshals that a United States magistrate judge in Lincoln was not available to conduct the initial appearance until Friday, January 23, 2015.  As a result, according to Martinez-Hernandez, he "sat in some county jail for 2 days" before having

his initial appearance. Defendant's Mot. To Dismiss at 2. Martinez-Hernandez's initial appearance occurred, as scheduled, on January 23, 2015. At that time, counsel was appointed for Martinez-Hernandez. Martinez-Hernandez was ordered detained pursuant to an Immigration and Customs Enforcement detainer. The Marshals then transported Martinez-Hernandez to this court where counsel was appointed and an initial appearance and arraignment was conducted on January 28, 2015.

On February 5, 2015, Martinez-Hernandez filed a motion to dismiss. In his motion, Martinez-Hernandez seeks dismissal of the Indictment for violation of Federal Rule of Criminal Procedure 5.[1] He argues that the two-day delay in his initial appearance violated Rule 5's requirement that such a hearing be conducted "without unnecessary delay." The prosecution filed a timely resistance to Martinez-Hernandez's motion. The prosecution argues that Rule 5(a)'s "unnecessary delay" requirement was not violated. It further argues that even if such a violation occurred, it was harmless and that dismissal of the Indictment would not be the appropriate remedy.

Martinez-Hernandez's motion was referred to United States Magistrate Judge Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand subsequently filed a

---

[1] Rule 5 states, in relevant part:

**Rule 5. Initial Appearance**

**(a) In General.**

**(1) Appearance Upon an Arrest**.

> (A) A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

Fed. R. Crim. P. 5(a)(1)(A).

Report and Recommendation on February 25, 2015, in which he recommends Martinez-Hernandez's motion be denied. Judge Strand concluded that a two-day delay from the time of Martinez-Hernandez's arrest until his initial appearance in Nebraska did not violate Rule 5(a) since the delay was not due to bad faith or some effort to prejudice him. Judge Strand further found that, even if the two-day delay in Martin-Hernandez's initial appearance violated Rule 5(a), binding and controlling precedent of the Eighth Circuit Court of Appeals clearly holds that the dismissal of the Indictment is not the appropriate remedy for such a violation. Therefore, Judge Strand recommended that Martin-Hernandez's motion be denied. Neither the prosecution nor Martinez-Hernandez have filed objections to Judge Strand's Report and Recommendation.

## II.    LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute

3

> does not require the judge to review an issue *de novo* if no
> objections are filed, it does not preclude further review by the
> district judge, sua sponte or at the request of a party, under a
> *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo*
any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party
files an objection to the magistrate judge's report and recommendation, however, the
district court must "make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection is made." 28 U.S.C.
§ 636(b)(1). In the absence of an objection, the district court is not required "to give any
more consideration to the magistrate's report than the court considers appropriate."
*Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge
Strand's Report and Recommendation under a clearly erroneous standard of review. *See
Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are
filed and the time for filing objections has expired, "[the district court judge] would only
have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*,
910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Rule 72(b)
indicates "when no timely objection is filed the court need only satisfy itself that there is
no clear error on the face of the record"). After conducting my review, I am not "'left
with [a] definite and firm conviction that a mistake has been committed,'" and find no
reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of
Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*,
333 U.S. 364, 395 (1948)). Therefore, I accept Judge Strand's Report and
Recommendation and order that defendant Martinez-Hernandez's motion to dismiss is
denied.

**IT IS SO ORDERED**.

**DATED** this 20th day of March, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA